UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIASSAINT PIERRE,

                Plaintiff,                            07 CV 5235 (SJ)

      - against-                                   **MEMORANDUM**
                                                      **AND ORDER**

AIRCRAFT SERVICE INTERNATIONAL,
INC. a/k/a ASIG, GSE MAINTENANCE and
BBA GROUP,

                Defendants.
------------------------------------------------------------X
A P P E A R A N C E S:

BERNARD J. ROBINS
551 Fifth Avenue
Suite 417
New York, New York 10176
Attorney for Plaintiff

LITTLER MENDELSON, P.C.
885 Third Avenue
New York, New York 10022
By: Gregory B. Reilly
Attorney for Defendants

JOHNSON, District Judge:

       Eliassaint Pierre ("Plaintiff") brought this action in the Supreme Court of the State of New York against his employer, Aircraft Service International, Inc. ("Defendant"), alleging negligent hiring and retention, resulting in serious bodily injury and severe mental and emotional distress to the plaintiff. Subsequently, Defendant removed the case to federal court. This Court now retains jurisdiction over the case,

pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states. Presently before the Court is Defendant's Motion to Dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, Defendant's motion to dismiss the complaint is GRANTED.

## BACKGROUND

Plaintiff alleges that on or about November 17, 2004, while in the course of his employment for Defendant, he was "maliciously and violently assaulted" by a co-worker ("Mr. Roberto"), "causing Plaintiff to sustain serious, severe, permanent and protracted personal injuries and to suffer severe mental and emotional distress." Compl., ¶¶ 32-34. According to Plaintiff, Mr. Roberto was acting within the scope and in the course of his employment at the time of the alleged incident. Compl., ¶¶ 35-40. Further, Plaintiff alleges that, at the time of the alleged incident, Mr. Roberto was acting as Defendant's "agent, servant and employee in committing the aforesaid acts and within the scope of his authority." Compl., ¶¶ 41-43. Plaintiff also alleges that Defendant negligently hired and recklessly retained his co-worker, despite Mr. Roberto's alleged "propensity and tendency toward dangerous and violent behavior" and notwithstanding Mr. Roberto's alleged role in the above-mentioned incident. Compl., ¶¶ 47-49, 53-55.

## DISCUSSION

**I.  Standard for Motion to Dismiss**

On a motion to dismiss a complaint under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory . Daly, 243 F.3d 687, 691 (2d Cir. 2001) (quoting Tarshis v. Riese, Org., 211 F.3d 30, 35 (2d Cir. 2000). The court should not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.  New York Worker's Compensation Law**

Section 29(6) of the New York Worker's Compensation Law ("Worker's Compensation Law") states, *inter alia*:

[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death, his or her dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.... NY CLS Work. Comp. § 29(6).

Given the circumstances of this case, and considering the allegations in the light most favorable to the plaintiff, it is clear that the Worker's Compensation Law precludes the plaintiff from seeking relief in this forum. By the plaintiff's own account, he was

3

assaulted by a fellow employee in the course of his employment. Moreover, the plaintiff does not allege that the incident in question involved an intentional tort on the part of the defendant, but rather various acts of negligence committed by the defendant before and after the alleged assault.

As this Court has noted, negligent hiring, supervision and failure to fire claims, such as those alleged by the plaintiff here, are barred by the exclusivity provision of the Worker's Compensation Law. <u>Robinson v. Avis Rent-a-Car, Inc.</u>, 1999 WL 342037 *3 (E.D.N.Y. May 24, 1999). Therefore, the plaintiff has failed to state a claim upon which relief can be granted by this Court.

## CONCLUSION

For the afore-mentioned reasons, Plaintiff's Complaint is dismissed with prejudice. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: February 8, 2008  
Brooklyn, New York

signed by Judge Johnso  
United States District Judge

P-049